UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br>　　　　　Plaintiff,<br>　　v.<br>BLACKLINE PARTNERS, LLC, et al.,<br>　　　　　Defendants. | Case No. 22-cv-05656-TSH<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME AND REQUEST FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 15 |

## I.　INTRODUCTION

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor requests the Court (1) permit and deem alternate service complete on Defendants Mark Kubinski, Blackline Partners LLC, and Blackline Partners LLC 401(k) Plan at the email address Kubinski uses to communicate with counsel for the Secretary and (2) continue the currently scheduled case management conference. No response has been received. Having considered the Secretary's motion and relevant legal authority, the Court **GRANTS** the request for the following reasons.

## II.　BACKGROUND

The Secretary filed this action on September 30, 2022, against Kubinski, Blackline, and the 401(k) Plan for alleged violations of Kubinski's and Blackline's fiduciary duties to the 401(k) Plan. Kubinski is the registered agent of process and owner-member of Blackline and a plan trustee for the 401(k) Plan. Compl. ¶ 6, ECF No. 1. Blackline is a company that provided tax and financial services in California and is registered with the California Secretary of State. *Id.* ¶ 5; Clark Decl. ¶ 3, ECF No. 15-2. On the Secretary of State's business directory, the business is listed as inactive and the registered agent of process is listed as Mr. Kubinski at 550 Battery St, #2204, San Francisco CA, 94111. Clark Decl. ¶ 4; Ex. 1. Prior to filing the complaint, counsel for the Secretary communicated with Kubinski about the alleged 401(k) ERISA violations through

email, exchanging in total 13 emails sent by Kubinski and 16 emails sent by the Secretary. *Id.* ¶ 5. Counsel also communicated with Kubinski by telephone between June 2021 and November 2022. *Id.* ¶ 6. During this time, the Secretary exchanged 21 telephone calls with Kubinski, totaling over an hour and a half of discussion regarding the pending litigation. *Id.*

On September 15, 2022, Kubinski responded to a message from counsel, leaving a voicemail message that recognized, "I guess we'll just have to move forward with the litigation." *Id.* ¶ 7. On October 5 counsel for the Secretary informed Kubinski that the case had been filed via email and regular mail. *Id.* ¶ 8. After filing the complaint, the Secretary sent the complaint, as well as other required documents for case initiation, including a notice of lawsuit and request to waive service for each of the three named defendants by mail to the address listed on the Secretary of State's website for Blackline's registered agent, Kubinski. This same collection of documents was also sent to Kubinski's email address that he had been using to communicate with counsel. *Id.* ¶ 9 & Ex. 2.

As Kubinski did not return the waiver of service of process, starting on November 4 the Secretary attempted to personally serve him as an individual and on behalf of the other defendants. *Id.* ¶¶ 10, 12-28 & Ex. 3. However, after several attempts at personal service at Kubinski's known addresses, the process server determined they were not valid addresses for Kubinski. *Id.* For example, the process server gained access to the unit listed on the Secretary of State's website and found it vacant. The process server attempted service at an alternate address discovered by an investigator for Kubinski, but an unknown male answered the door and stated he was not Mark Kubinski and had never heard of him. *Id.* ¶¶ 14-17.

Throughout November, the Secretary continued attempts at service and communication with Kubinski. On November 7 attempts at a newly discovered property owned by Kubinski were unsuccessful. *Id.* ¶ 16. At this location, the unit number did not exist and a male residing in the closest numbered unit stated he was Matt Link and not Mark Kubinski. *Id.*

The Secretary also continued to email Kubinski and finally received a response to an email that had attached to it the complaint and other case initiation documents. On November 17 the Secretary resent the complaint and other case initiation documents to Kubinski. *Id.* ¶ 18 & Ex. 5.

2

1  Later that same day Kubinski responded from that same email address requesting a time to speak
2  over the phone. *Id.* ¶ 19 & Ex. 6. The Secretary replied to that email with a copy of the summons
3  (issued in ECF No. 14) attached to the email and confirming with Kubinski a time to speak. *Id.* ¶
4  20 & Ex. 7. The Secretary and Kubinski exchanged one more email setting a time and did in fact
5  speak on the phone as discussed over email. *Id.* ¶ 21.

6  After these attempts, a fifth service attempt at a location in New York associated with
7  Kubinski was also unsuccessful after the doorman informed the process server that he had moved
8  out. *Id.* ¶¶ 24-26 & Ex. 9.

9  During a telephone call on November 23, counsel for the Secretary requested the most up-
10 to-date and best address to reach Kubinski. *Id.* ¶ 21. The Secretary also discussed the upcoming
11 court deadlines for the case management conference. *Id.* In response, Kubinski provided a new
12 address to the Secretary over the phone. *Id.* The Secretary attempted to serve Kubinski at this
13 new location on November 29 and, after speaking to the resident who denied knowledge of
14 Kubinski, the process servicer again determined that Kubinski did not reside at this location. *Id.* ¶
15 22 & Ex. 8. On November 30 the Secretary again requested that Kubinski provide his current
16 address. *Id.* ¶ 23. Kubinski replied that the address he provided was correct. *Id.* On December
17 15 the Secretary attempted to serve Kubinski again at this location, but during this attempt the
18 process server discovered that none of the entities listed for service were on the tenant directory
19 list. *Id.* ¶¶ 28-29 & Ex. 10. The process server made two more attempts at this location on
20 December 18 and 19, but both attempts were unsuccessful. *Id.* ¶ 29. Between December 5 and
21 December 20, Kubinski did not respond to any further emails or phone calls from the Secretary's
22 counsel. *Id.* ¶ 30.

23 The Secretary filed this motion on December 20, arguing that, through telephone
24 conversations and emails communications, Kubinski knew the Secretary planned to file the
25 complaint before September 30, 2022, and received copies of the complaint, summons, and other
26 documents required to be served on him after they were filed. As such, although the Secretary has
27 been unable to personally serve Defendants through Kubinski, they received actual notice of this
28 lawsuit.

3

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 4 governs service of the complaint and summons. Under Rule 4(e), an individual named defendant can be served within a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally." Under Rule 4(h)(1)(B), a corporation, partnership, or association may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Courts in this District have found that a plan may properly be served by service to a plan fiduciary. *Perez v. Silva*, 2015 WL 6957464, at *2 (N.D. Cal. Nov. 11, 2015). Alternatively, Defendants may be served in accordance with Rule 4(e), which allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A). California law provides for service of summons by personal delivery, substitute service, mail, or publication. Cal. Code Civ. Proc. §§ 415.10-.50.

Courts may also authorize alternative methods of service pursuant to California Code of Civil Procedure section 413.30, which provides, "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Due process requires that service of process must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Optima Direct, LLC v. Yageo Am. Corp.*, 2021 WL 6051738, at *2 (N.D. Cal. Dec. 21, 2021).

4

## IV. DISCUSSION

**A.    Service by Email is Warranted**

Courts have permitted service by email in circumstances where it is reasonably calculated to provide actual notice. Specifically, service by email has been contemplated where "first, 'the plaintiff demonstrated reasonable diligence in its attempts to serve the defendants,' and second, 'service by email is reasonably calculated to give actual notice to the defendants.'" *Cisco Sys., Inc. v. Shaitor*, 2018 WL 3109398, at *4 (N.D. Cal. June 25, 2018); *see also Gen. Star Indem. Co. v. First Am. Title Ins. Co. of Napa*, 2020 WL 8614189, at *5 (N.D. Cal. Sept. 25, 2020) (permitting service of individual by email where individual used the subject email address to communicate with counsel regarding the issues in the case); *Gnathonic, LLC v. Dingman*, 2019 WL 13166751, at *2 (C.D. Cal. Oct. 2, 2019). Here, the Secretary has shown that Defendants have, in fact, received actual notice of this lawsuit. Counsel for the Secretary and Kubinski communicated through e-mail about the pending lawsuit, including its timing. Kubinski replied via email the same day shortly after receiving an email that attached a copy of the complaint filed by the Secretary and other documents. The Secretary also sent the summons to this same email address. Counsel for the Secretary also discussed the lawsuit with Kubinski after it was filed. The Secretary and Kubinski have exchanged approximately 30 emails over the past year at the email address which the Secretary requests as the method of service.

Kubinski's apparent attempts to evade service provide further justification for service by email. After he failed to waive service, the Secretary began his efforts at personal service. The Secretary attempted personal service at the addresses listed on the California Secretary of State's website and addresses located through online research. The Secretary also requested an updated address from Kubinski since he has failed to update the Secretary of State. The Secretary attempted service on the address Kubinski represented to be his current address on November 29 and December 5, but the process server determined on two occasions that the address Kubinski provided is invalid, suggesting that Kubinski is attempting to evade service. Service by email has been accepted when the physical address is not an effective means of service. *JBR, Inc. v. Cafe Don Paco, Inc.*, 2013 WL 1891386, at *5 (N.D. Cal. May 6, 2013) ("Courts in the Northern

1  District have authorized service via email when a defendant's physical address is not an effective

2  means of service, but when the plaintiff has a valid email address for defendant."). Thus, service

3  by email is proper under the circumstances and reasonably likely to provide service.

**B.  Good Cause Exists for an Extension of the Case Management Conference**

The circumstances also show good cause sufficient to extend the deadline for the case management conference. "Good cause" under Federal Rule of Civil Procedure 16 exists when a deadline "cannot reasonably be met despite the diligence of the parties seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Here, the Secretary's numerous attempts to serve Kubinski and the diligence in the Secretary's efforts support a finding of good cause. As detailed in counsel's declaration, the Secretary has attempted to serve Kubinski multiple times at multiple addresses after extensive research.

**V.  CONCLUSION**

For the reasons stated above, the Court **GRANTS** the Secretary's request that Defendant Kubinski, Blackline Partners LLC, and Blackline Partners LLC 401(k) Plan be deemed served by email at the address mrkubinski@hotmail.com. The case management conference currently scheduled for January 5, 2023 is **CONTINUED** to March 9, 2023 at 10:00 a.m. by Zoom video conference. The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/. This conference shall be attended by lead trial counsel. Parties who are not represented by counsel must appear personally. By March 2, 2023, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/tshorders. The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.

**IT IS SO ORDERED.**

Dated: December 28, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge